UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONALD R. LOOSE,** *et. al.***,**

    Plaintiffs,

                              Case No. 06-15063
                              HONORABLE DENISE PAGE HOOD

v.


**CITY OF DEARBORN HEIGHTS,** a
Michigan Municipal Corporation,

    Defendant.
_____/

## ORDER REMANDING ACTION TO WAYNE COUNTY CIRCUIT COURT

**I.    Introduction**

This matter is before the Court on Plaintiffs' Motion to Remand to Wayne County Circuit Court, filed on December 15, 2006. Defendants' filed a Response to Plaintiff's Motion to Remand to Wayne County Circuit Court on January 3, 2007.

**II.    Statement of Facts**

On or about October 17, 2006, Plaintiffs, retired Dearborn Heights police and fire officials, filed the instant action in Wayne County Circuit Court. Plaintiffs alleged that Defendants, City of Dearborn Heights and Dearborn Heights Police & Fire Pension System, impaired Plaintiffs' contractual rights under a collective bargaining agreement. The agreement provides benefits for health care insurance. (Pl.'s Compl., ¶ 4.3) Plaintiffs allege that Defendants failed to pay the premiums for Medicare coverage as required by the express

1

language of the agreement. (Pl.'s Compl., ¶¶ 4.6, 4.9)  In their Complaint, Plaintiffs asserted that Defendants impaired their contractual rights under both the Michigan and United States Constitutions and sought class action designation on behalf of all retired police and fire personnel receiving benefits or entitled to receive benefits under the collective bargaining agreement. (Pl.'s Compl., ¶¶ 4.10, 4.11).

On November 9, 2006, Defendants timely removed this action pursuant to 28 U.S.C. § 1441(b), which permits removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution . . . ." 28 U.S.C. § 1441(b).  On November 15, 2006, Plaintiffs' filed a First Amended Complaint, removing all references to the United States Constitution, thereby eliminating this Court's subject matter jurisdiction.  The instant Motion followed.

**III.     Law & Analysis**

Plaintiffs argue that this matter must be remanded back to Wayne County Circuit Court because there is no federal question jurisdiction arising out of Plaintiff' Amended Complaint. Defendants object to remand stating that Plaintiffs have engaged in impermissible forum manipulation.

28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  This burden is a

difficult one to overcome; removal statutes "are strictly construed," and any ambiguities "must be resolved in favor of the non-removing party. *Id.*

While Defendants' timely removal of this action was proper under section 1446(a), it should be noted that Plaintiffs were authorized, pursuant to Federal Rule of Civil Procedure 15(a) to amend their complaint without leave of this Court.  Defendants argue that the genesis of this case remains a federal constitutional question and the Court still retains original jurisdiction under 28 U.S.C. § 1331.  Defendants cite no authority for this proposition.  The Court does not agree with Defendants characterization of Plaintiff's Amended Complaint, which contains claims based solely upon the Michigan Constitution.  (Pls.' First Amended Compl., ¶¶ 4.10, 4.11)

This Court must now determine whether it should exercise supplemental jurisdiction over Plaintiffs' state law claims.  28 U.S.C. § 1367(c) states that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

   (1)   the claim raises a novel or complex issue of State law,
   (2)   the claim substantially predominates over the claim or claims over which
         the district court has original jurisdiction,
   (3)   the district court has dismissed all claims over which it has orignial
         jurisdiction, or
   (4)   in exceptional circumstances, there are other compelling reasons for
         declining jurisdiction.

28 U.S.C. § 1367 (c). The Court declines to exercise jurisdiction over Plaintiffs' remaining state law claims.  While the Court recognizes Defendants' frustration at what they call "forum manipulation," the United States Supreme Court has stated that it is within the full discretion of the district court whether or not to remand a case once all federal claims have been dismissed or abandoned.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), *See also Hughes v. Ohio Bell Telephone Co.*, 916 F. 2d 367 (1990).  The resolution

of this matter is better suited for the state court.

Lastly, Defendant asserts that if this Court remands this matter to Wayne County Circuit Court, Plaintiffs should be required to pay Defendant's just costs and actual expenses, including attorney fees, incurred as a result of the removal, citing 28 U.S.C. § 1447(c) in support of this assertion.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendant cites 28 U.S.C. § 1447(c) to support its request for attorney fees on remand. However, § 1447(c) contemplates attorney fees and costs to plaintiffs who successfully prevail on a motion to remand since a defendant, who removed a case, generally does not seek remand of a case removed by that defendant. The Supreme Court addressed a request for attorney fees under § 1447(c), stating, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 711 (2005). Based on this language and the language contained in § 1447(c), attorney fee requests under § 1447(c) contemplate attorney fee requests by the non-removing party. Defendant has not cited any other authority for its request for costs and attorney fees, other than § 1447(c). Defendant has not shown that it is entitled to attorney fees on remand under § 1447(c). Defendant has not cited any case law to show that the Court has the discretion to award attorney fees and costs under § 1447(c).

**IV.   Conclusion**

Accordingly,

4

IT IS ORDERED that Plaintiffs' Motion to Remand **(Docket No. 13, filed December 15, 2006 )** is GRANTED and this matter is REMANDED back to the Wayne County Circuit Court, State of Michigan.

IT IS FURTHER ORDERED that the Clerk prepare the necessary paperwork to effectuate the remand forthwith.

IT IS FURTHER ORDERED that Defendant's Request for Attorney Fees in Defendant City of Dearborn Heights' Response to Plaintiff's Motion to Remand to Wayne County Circuit Court **(Docket No. 17 , filed January 3, 2007)** is DENIED.


Dated: February 28, 2007                                         /s/ Denise Page Hood
                                                                 DENISE PAGE HOOD
                                                                 United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2007, by electronic and/or ordinary mail.

                                                                 S/William F. Lewis
                                                                 Case Manager

5